UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA, ex rel.
ANTHONY BENNETT,

                                 Plaintiffs/Relator,

                                                         6:23-cv-00156
v.                                                     (DNH/TWD)

JANET YELLEN, et al.,

                                  Defendants.
_____

APPEARANCES:

ANTHONY BENNETT
*Plaintiff, pro se*
STARC Oakview Campus
9005 Old River Road, C#54176 / Bldg #41
P.O. Box 300
Marcy, NY 13403

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## <u>ORDER AND REPORT-RECOMMENDATION</u>

     Anthony Bennett ("Plaintiff"), who is currently civilly committed and confined in a

Secure Treatment and Rehabilitation Center ("STARC") in Oneida County, brings this action

*pro se* pursuant to the False Claims Act, 31 U.S.C. § 3729 et seq ("FCA").  (Dkt. No. 1.)

Plaintiff paid the filing fee and names Janet Yellen, United States Treasury Secretary; U.S.

Attorney General Merrick Garland; Judge Pamela K. Chen, U.S. District Court; and Securities

Exchange Commission (Commissioner) as Defendants.  *Id*.  Plaintiff also filed a "Sworn

Affidavit/Notice."  (Dkt. No. 7.)

## I.    STANDARD OF REVIEW

The Court must dismiss a complaint, even when the plaintiff has paid the fees to bring a

civil action, if it determines that the action is frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)

("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief."); *see Livingston v. Adirondack Beverage*

*Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when it lacks

subject-matter jurisdiction of the claims raised.  *See* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v.*

*Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  *See* 28 U.S.C. § 1915(e)(2)(B)

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original).  But the "special solicitude" in *pro se* cases has its limits.  *Id*. at 475 (citation omitted).

To state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough

facts to state a claim for relief "that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to

allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  In

reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  The Court does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.  *Twombly*, 550 U.S. at 555.  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.  *Id.*

A claim is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989*), abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## II.    BACKGROUND

This is the second *qui tam* complaint Plaintiff has filed in this District.  *See Bennett v. Mnuchin*, No. 6:18-cv-01403 (TJM/ATB), (N.D.N.Y) ("*Bennett I*"), ECF Dkt. No. 14 (*sua sponte* dismissed on initial review without the opportunity to amend).  Plaintiff alleges the following in his complaint.

Plaintiff is an "Agent/Third Party Intervener, on behalf of ANTHONY BENNETT-ESTATE" and "Brings this QUI TAM action in the name of the United States Government, Complaining of defendant(s), Judge Pamela K. Chen" as follows:

> 1)  THAT: Judge Pamela K. Chen, violated the rights of a Private Citizen, of record knowingly, by making him a surety on an "Appearance Bond" without his expressed consent.  This is a contract/Bond, which continues with this Judges actions document # A098 for "Appearance Bond" enclosed is a Blank Copy, being submitted as evidence and exhibit (A).  Judge

> Chen, committed violations of Unlawful use of a Private Trust, violations of staling Intellectual Properties, Personal Property, Trust Property, violation(s) of Income Tax Invasions [delinquent Tax filing on Case/Account Number(s) 1: 21-cv-01450(PKC), 1:22-cv-06655 (PKC/RER), attached to Cases/Accounts # 289/84, 1463-78, 1397/98, 1396/78, 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, 7735-2013, 7735-2015, 1395/78.

*Id*.[1]  Plaintiff states Judge Chen:

> has no authority to open up Bonds on my person and keep me unlawfully detained.  Plaintiff was under Contract on Case #289/84 for 12 ½ to 25 Years and once that time was served his sentenced was extended under Civil Article-10, which did not exist and was never apart of this sentence.  This is why the Plaintiff is seeking that the All Bonds to the above Case(s)/Account(s) be recalled and the interest be returned.

*Id*.  Plaintiff further states he:

> has been held Unlawfully in Civil Confinement based on an 'Appearance Bond' of 1984, that was/has expired, and yet Judge Chen chose to hold me in this illegal confinement with no sexual diagnosis, not to look over that no Article-10 existed when I was Sentence, and many more contracts/Bonds have been opened/filed without my knowledge and/or consent.  This is false imprisonment.

*Id*. at 3.  Plaintiff also filed forty additional pages, Exhibits A though F.[2]

---

[1]  Page references to documents identified by docket number refer to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.  Unless otherwise indicated, excerpts from the record are reproduced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected.

[2]  Exhibit A was also filed in *Bennett I. See Bennett I*, ECF Dkt. No. 1 at 23-38.  This affidavit is entitled "Affidavit and Declaration of Standing/Status Non-negotiable . . . ."  Without engaging in a lengthy discussion of the affidavit, the Court notes that it includes statements such as: "We are the absolute property of our universal creator and our noble House of Bennett and derivatives there of a man . . . ." *Id*. at 23.  "Our distinct Polyphrenic orchestration is determined by our unique, complex and intense DNA, Genome coding and patterning, that determines our noosphere and existential purpose . . . ." *Id*.  Plaintiff states that "At no time, space, reality, realm or dimension does any have any right to place a price or value on our Divine Being or out sacred gifts defined as Our Estate in Trust with out Universal Divine Creator, except our Divine Being and/or our Universal Divine Creator." *Id*. at 30.  Plaintiff then states that no "fiction of law such as a "Birth Application, Record of Live Birth, or an other Registration of Certificate," regardless of title or registration, may "ever be considered a conveyance of title from our Divine

Plaintiff asks the Court to "TAKE JUDICIAL NOTICE OF ADJUDICATED FACTS" and that he "be awarded all relief, and interest necessary to make Plaintiff whole, including but not limited to interest on all Penal Bonds and an Full accounting of all securities of the lower courts, the CAFR account/accounts of (The CRIS account/accounts and the court reporting financial accounting, the securities that bonded the case(s), and the IRS Individual Master Master File (IMF) aswell as the Non-IMF, and what ever else is equitable." *Id.* at 7-8.

## III.    DISCUSSION

### A.    Qui Tam/Representation

Plaintiff purportedly asserts claims under the FCA, which imposes civil liability on any person who, among other things, knowingly presents, or causes to be presented, to an officer or employee of the federal government, a false or fraudulent claim for payment or approval.  31 U.S.C. § 3729(a).  The federal government, or a private person (known as a "relator"), may bring suit for the United States in a *qui tam* action where there has been fraud on the federal government.  31 U.S.C. § 3730(a), (b)(1); *see United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009).

In *qui tam* actions under the FCA, "relators have standing to sue not as agents of the United States, but as partial-assignees of the United States' claim to recovery."  *United States ex rel. Eisenstein v. City of New York*, 540 F.3d 94, 101 (2d Cir. 2008) (citing *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773-74 (2000)).  The United States "remains the real party in interest."  *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d

---

Being.  (*Id.*)  The affidavit continues in the same vein.  He discusses "strawman" trusts, fiduciary trustees, and authorized versus unauthorized agents.  Id. at 32-33.  Apparently, unauthorized agents must be fined one billion dollars "per capacity and per occurrence."  *Id.* at 33.  Plaintiff alleges that by "publishing" his declaration, he enforces the right to be "free from slavery," among other things."  *Id.* at 36-37.

Cir. 2008) (internal quotation marks and citation omitted).  Although a *qui tam* action is litigated

by the relator, it "is not the relator's 'own' case as required by 28 U.S.C. § 1654, nor one in

which he has 'an interest personal to him.'"  *Id*. (quoting *Iannaccone v. Law*, 142 F.3d 553, 558

(2d Cir. 1998)).

Here, Plaintiff is proceeding *pro se*.  In order to proceed *pro se*, "[a] person must be

litigating an interest personal to him."  *Iannaccone*, 142 F.3d at 558.  However, because a litigant

can proceed *pro se* only when bringing his own case, and because a *qui tam* action under the

FCA is brought for and in the name of the United States, which remains the real party in interest,

a litigant cannot pursue such an action *pro se*.  *See Flaherty*, 540 F.3d at 93 ("Because relators

lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not

entitled to proceed *pro se*.") (citing § 1654 and *Iannaccone*, 142 F.3d at 558).

Accordingly, because Plaintiff cannot proceed *pro se* with his claims under the FCA, the

Court recommends dismissal of complaint.  *See Bennett I*, ECF Dkt. No. 7 at 8-9.[3]

## B.    Subject Matter Jurisdiction/Immunity/Frivolousness

Plaintiff has not alleged, and the Court has not been able to determine, any other basis for

this Court's jurisdiction.  *See* 28 U.S.C. §§ 1331 and 1332.  Plaintiff claims:

> Judge Chen and her Clerk as well as other parties, chose to war
> against the U.S. Constitution and the Plaintiff(s) Private Business
> Trust/Property and openly discriminate against a Private Citizen,
> whose status was PUBLICLY filed and recorded with Oneida

---

[3]  The Court notes that similar to his complaint in *Bennett I*, Plaintiff is "clearly
attempting to vindicate his own rights, whatever they may be."  *Bennett I*, ECF Dkt. No. 7 at 12.
However, in a *qui tam* action, the plaintiff is seeking to vindicate rights belonging to the federal
government.  *See Byrd v. Mazzola Ins. Corp.*, No. 6:17-cv-06178, 2017 WL 5508814, at *4
(W.D.N.Y. Apr. 5, 2017).  "Because [Plaintiff] is claiming personal harm, his claim cannot
proceed."  *Johnson v. Jefferson*, No. 5:22-CV-0424 (GLS/ML), 2022 WL 2275683, at *3
(N.D.N.Y. May 31, 2022), *report-recommendation adopted*, No. 5:22-CV-424 (GLS/ML), 2022
WL 2274789 (N.D.N.Y. June 23, 2022).  "Thus, plaintiff does not state a *qui tam* claim."
*Bennett I*, ECF Dkt. No. 7 at 12-13.

> County Clerk Office/Registrar of Deeds, and all Plaintiff's
> documents have "Full Faith and Credit", Therefore Judge Pamela
> K. Chen, and all other parties are no doubt Warring against the
> U.S. Constitution, and has violated every Law and Rule concerning
> their actions against a Private Citizen.

(Dkt. No. 1 at 3.)  Plaintiff's claims draw on theories similar to those furthered in other cases that courts have already determined to be frivolous.  *See, e.g.*, *Fair v. Yellen*, No. 22-CV-9255 (LTS), 2022 WL 16839480, at *2 (S.D.N.Y. Nov. 7, 2022) (*sua sponte* dismissing *pro se* action filed against U.S. Secretary of Treasury Janet Yellen by plaintiff Keith Darnell Fair, committed and confined at STARC Oakview, seeking payment from the U.S. Treasury based on documents that the plaintiff recorded with the Oneida County Clerk); *see also Bennet I, supra*.[4]  Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims lack a factual predicate and there is no legal theory on which he can rely.  *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.  Similar claims repeatedly have been rejected as frivolous, and the Court reaches the same conclusion here.

Moreover, to the extent Plaintiff takes issue with Judge Chen's handling of his habeas petition filed in the Eastern District of New York pursuant to 28 U.S.C. § 2254, *Bennett v. Dill*, No. 21-cv-01450 (PKC), and a 42 U.S.C. § 1983 civil rights action, *Bennett v. United States Treasury Secretary*, No. 22-cv-06655 (PKD/RER), she is protected with absolute immunity from suit and from liability.  *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991).

---

[4]  In December of 2016, Plaintiff also filed a petition for a writ of habeas corpus in this District, and several supporting documents, pursuant to 28 U.S.C. § 2254, challenging his confinement, which he subsequently withdrew.  *Bennett v. Lew*, 9:16-cv-01437 (BKS/DJS). That action also referenced Keith Darnell Fair.

### C.    Amendment Would Be Futile

Typically, a court should not dismiss a *pro se* litigant's complaint without granting leave "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991).  However, a complaint that suffers substantive defects cannot be cured by artful pleading.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Such a complaint should accordingly be dismissed without leave to amend because repleading would be futile.  *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

Here, the Court concludes amendment would be futile because Plaintiff cannot bring this qui tam action *pro se*.

### D.    Unsealing Action

It appears Plaintiff's complaint was filed under seal predicated on the FCA's requirement that complaints filed under that statute "shall be filed *in camera* [and] shall remain under seal for at least 60 days . . . ."  31 U.S.C. § 3730(b)(2).  However, because the Court recommends dismissal of the complaint, there is no longer a statutory basis to shield this action from public view.  Moreover, Plaintiff's complaint is a "judicial document," to which the public is presumed to have a right of access.  *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) (all pleadings, including a complaint, "are judicial records subject to a presumption of public access").  Therefore, the Court orders this case to be unsealed.  *See Bennett I*, ECF Dkt. No. 7 at 25 (report-recommendation ordering same on initial review of the *qui tam* complaint).

### E.    Warning

As noted, this is the second *qui tam* complaint Plaintiff has filed in this District.  *See Bennett I*, ECF Dkt. No. 7 at 8-9.  Thus, Plaintiff is well-aware that he cannot bring claims on behalf of the United States *pro se*.  *See id*. ("Plaintiff has brought this action under the FCA. However, the Second Circuit has specifically held that *qui tam* plaintiffs may not proceed *pro se*."); *see* 28 U.S.C. § 1654.  Plaintiff also filed another *pro se* complaint action in this District, wherein he attempted to invoke this Court's admiralty jurisdiction on the theory that he is a "vessel."  *See Bennet v. Mnuchin*, No. 6:20-cv-00243 (BKS/TWD), (N.D.N.Y.), ECF Dkt. No. 14 (*sua sponte* dismissed without prejudice for lack of subject matter jurisdiction and as frivolous, without leave to amend).  Plaintiff is warned that continued repetition of frivolous litigation may result in an order barring him from filing new actions without prior permission in this District, even if he pays the filing fees.  *See* 28 U.S.C. § 1651.

**WHEREFORE**, it is hereby

**RECOMMENDED** that the *qui tam* complaint (Dkt. No. 1) be **DISMISSED IN ITS ENTIRETY** pursuant to 28 U.S.C. § 1915(e)(2)(B) and for lack of subject matter jurisdiction; and it further

**ORDERED** that this case be **UNSEALED**, and it is further

**ORDERED** that a copy of this Order and Report-Recommendation be served on Plaintiff, along with a copy of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[5]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

**IT IS SO ORDERED.**

Dated:  March 29, 2023
    Syracuse, New York

Therese Wiley Dancks
United States Magistrate Judge

---

[5] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).

🚩 KeyCite Blue Flag – Appeal Notification

Appeal Filed by FAIR v. YELLEN, 2nd Cir., December 21, 2022

2022 WL 16839480
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Keith Darnell FAIR, Plaintiff,
v.
Janet YELLEN, U.S. Secretary of Treasury, Defendant.

22-CV-9255 (LTS)
|
Signed November 7, 2022

**Attorneys and Law Firms**

Keith Darnell Fair, Marcy, NY, Pro Se.

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

**\*1** Plaintiff, who is currently civilly committed and confined in a Secure Treatment and Rehabilitation Center (STARC-Oakview) in Oneida County, New York, brings this action *pro se.* Plaintiff sues the United States Secretary of the Treasury, Janet Yellen, seeking payment based on documents that Plaintiff recorded with the Oneida County Clerk. By order dated October 28, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. [1]

[1] By order dated January 29, 2016, then-Chief Judge Loretta A. Preska determined that Plaintiff was barred, under 28 U.S.C. § 1915(g), from bringing a new civil action IFP while a prisoner. Because Plaintiff currently is civilly detained and does not qualify as a prisoner for purposes of the IFP statute, 28 U.S.C. § 1915(h), the Section 1915(g) bar does not prevent him from proceeding IFP in this new civil action.

The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss a complaint brought IFP, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest,*" *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). The Court does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly,* 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**\*2** A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007); *see also Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible");

*Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless ...; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Keith Darnell Fair alleges that following in his complaint:

> I declare that I am a 'Private Citizen' under Section 1 of the 14th Amendment of the (organic) United States Constitution of America. I am the Real Beneficiary and Beneficial Owner of the all cap name KEITH DARNELL FAIR and now Private Business Trust of Record. I am invoking the rules of equity and the Chancery rules, and I am reserving my 5th Amendment due process of law at the federal level as a private citizen, which is a civilian due process....
>
> The plaintiff(s) Trust Records are attached to show I am who I say I am or show cause why I am not.... These are Trust Records being attached as Trust Records and as shown in the 'Bill in Equity.' My status being that of a 'Private Citizen' under Section 1 of the 14th Amendment of the (organic) United States Constitution of America.

(ECF 2 at 5-6.)

The Secretary of the U.S. Treasury is the sole defendant in this matter, and Plaintiff appears to assert that Defendant owes him money based on Plaintiff's having recorded certain documents. Plaintiff contends that "Due Process has been denied. The defendant/co-trustee did not make the payment after I made the conveyance." (*Id.* at 6.)

Plaintiff also contends that:

> I am the only beneficial owner with a perfected deed and case; and the trustee is guilty of fraud and breach of their fiduciary duties as trustees to manage and make the necessary payments, which they did not. Violation of contractual agreement through their oath of office.

(*Id.* at 2.)

## DISCUSSION

Plaintiff contends that he is entitled to payment from the U.S. Treasury based on documents that he recorded with the registrar in Oneida County. Plaintiff's claims draw on theories similar to those furthered in other cases that courts have already determined to be frivolous. *See, e.g.*, *Dickinson v. Granade*, No. CA 16-0153, 2016 WL 3647181, at *2 (S.D. Ala. June 1, 2016) (dismissing as frivolous claim that "purport[s] to accomplish .... a "conversion back" to [plaintiff's] former status as a private citizen of the United States ... in accordance with § 1 of the 14th Amendment to the United States Constitution—Declaration of Private Citizen Status, [and] a declaration that he is the 'beneficiary of the Constitution of the United States, and the cestui que of the private business trust created by the State of California ... under the name DAVID LEE DICKINSON' and that he currently holds 100% beneficial and equitable interest in his criminal case because it (the criminal case) is "trust res of the said private business trust"), *report and recommendation adopted*, No. CA 16-0153-KD-C, 2016 WL 3637093 (S.D. Ala. June 30, 2016); *see also Moorish Sci. Temple of Am. 4th & 5th Generation v. Superior Ct. of New Jersey*, No. CIV. 11-7418 (RBK), 2012 WL 123405, at *2 (D.N.J. Jan. 12, 2012).

**\*3** Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims lack a factual predicate and there is no legal theory on which he can rely, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. Similar claims have repeatedly been rejected as frivolous, and the Court reaches the same conclusion here. Accordingly, the Court dismisses this action. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The defects in Plaintiff's complaint cannot be cured with an amendment, and the Court therefore declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**CONCLUSION**

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

**All Citations**

Slip Copy, 2022 WL 16839480

---

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

Case 6:23-cv-00156-DNH-TWD    Document 8    Filed 03/30/23    Page 14 of 25

Byrd v. Mazzola Insurance Corp, Not Reported in Fed. Supp. (2017)

2017 WL 5508814

2017 WL 5508814
Only the Westlaw citation is currently available.
United States District Court, W.D. New York.

Ms. Vickie Dianne BYRD, Plaintiff,

v.

MAZZOLA INSURANCE CORP, Mrs.
Linda Marshal, Sales Rep., Defendants.

No. 6:17–cv–06178(MAT)
|
Signed 04/05/2017

**Attorneys and Law Firms**

Vickie Dianne Byrd, Rochester, NY, pro se.

**DECISION AND ORDER**

MICHAEL A. TELESCA, United States District Judge

**I. Introduction**

 *1  Proceeding pro se, Vickie Dianne Byrd ("Plaintiff")
instituted this action by filing a complaint (Dkt #1) dated
March 20, 2017, referencing alleged "violations of the U.S.C.
#375 [sic]/U.S.C. #110 [sic]/U.S.C. #470 [sic]/U.S.C. #190
[sic]" against "Mazzola Insurance Corp" ("Mazzola") and
"Mrs. Linda Marshal, Sales Rep." ("Marshal") (collectively,
"Defendants"). Before the Court is Plaintiff's motion to
proceed in forma pauperis under 28 U.S.C. § 1915(a). The
Court finds that Plaintiff's supporting affirmation sufficiently
establishes her inability to pay for the prosecution of her
case. Accordingly, Plaintiff's motion for in forma pauperis
status (Dkt #2) is granted. The Court has also reviewed the
complaint as required by 28 U.S.C. § 1915(e)(2) ("Section
1915(e)(2)"). As discussed below, Plaintiff has failed to
state a cause of action for which relief may be granted.
Because Plaintiff's purported claims against Defendants are
substantive in nature, and extend well beyond the mere
insufficiency of her allegations, the Court declines to permit
amendment of the complaint. Therefore, the complaint will
be dismissed with prejudice.

**II. Screening of the Complaint under Section 1915(e)(2)**

Under Section 1915(e)(2), the Court must conduct an initial
screening of a pro se litigant's complaint and must it if it is
"frivolous or malicious"; "fails to state a claim upon which

relief may be granted"; or "seeks monetary relief from a
defendant who is immune from such relief." 28 U.S.C. §
1915(e)(2)(B)(i)–(iii). "An action is 'frivolous' for § 1915(e)
purposes if it has no arguable basis in law or fact, as is the
case if it is based on an 'indisputably meritless legal theory.' "
Montero v. Travis, 171 F.3d 757, 759 (2d Cir. 1999) (quoting
Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

**A. Federal Law Relied upon by Plaintiff**

Here, as her first claim for relief, Plaintiff alleges "violations
of the U.S.C. #375 [sic]/U.S.C. #110 [sic]/U.S.C. #470 [sic]/
U.S.C. #190 [sic]" against Mazzola and Marshal. As her
second claim for relief, Plaintiff again alleges "violations of
the U.S.C. #375 [sic]/U.S.C. #110 [sic]/U.S.C. #470 [sic]/
U.S.C. #190 [sic]," this time against Mazzola and an unnamed
sales representative. Plaintiff's purported references to "the
U.S.C." do not identify any actual sections of the United
States Code, however. In light of Plaintiff's allegations against
Defendants, the Court has deduced that the numerals preceded
by "#" represent various "Nature of Suit" codes used by the
Court for classifying the types of claims raised in lawsuits.
That is, "375" refers to "Other Statutes: False Claims Act";
"110" refers to "Insurance"; "470" refers to "Racketeer/
Corrupt Organization"; and "190" refers to "Contract Other."
However, there is no federal "breach of contract" or "breach
of insurance policy" statute; rather, these causes of action
generally are governed by state law. The Court accordingly
has examined the complaint's allegations to determine if they
state a claim under the Racketeering Influence and Corrupt
Organization Act ("RICO"), 18 U.S.C. § 1962(a)–(d), and the
False Claims Act ("FCA"), 31 U.S.C. § 3729, et seq.

**1. RICO**

 *2  "To establish a RICO claim, a plaintiff must show: '(1) a
violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury
to business or property; and (3) that the injury was caused
by the violation of Section 1962.' " DeFalco v. Bernas, 244
F.3d 286, 305 (2d Cir. 2001) (quoting Spool v. World Child
Int'l Adoption Agency, 520 F.3d 178, 183 (2d Cir. 2008);
further quotation omitted). "Section 1962 of RICO outlaws
(a) the use of income derived ... from a pattern of racketeering
activity to acquire an interest in, establish, or operate an
enterprise engaged in or affecting interstate commerce; (b) the
acquisition of any interest in or control of such an enterprise
through a pattern of racketeering activity; (c) the conduct
or participation in the conduct of such an enterprise's affairs

Byrd v. Mazzola Insurance Corp, Not Reported in Fed. Supp. (2017)

2017 WL 5508814

through a pattern of racketeering activity; and (d) conspiring to do any of the above." GICC Capital Corp. v. Technology Fin. Grp., Inc., 67 F.3d 463, 465 (2d Cir. 1995) (internal quotation marks omitted).

"Under any prong of § 1962, a plaintiff in a civil RICO suit must establish a 'pattern of racketeering activity.' " GICC Capital Corp. v. Tech. Fin. Grp., Inc., 67 F.3d 463, 465 (2d Cir. 1995) (quotation omitted). To withstand dismissal for failure to state a claim, this pattern of racketeering activity must be adequately alleged in the complaint. Spool, 520 F.3d at 183. To that end, a RICO plaintiff "must plead at least two predicate acts, see [18 U.S.C.] § 1961(5), and must show that the predicate acts are related and that they amount to, or pose a threat of, continuing criminal activity," GICC Capital Corp., 67 F.3d at 465 (citing H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239 (1989)).

As factual support for her first claim, Plaintiff alleges that on September 29, 2015, Marshal "sold her some insurance at a stated rate" and said that the "rate would go down after a 6–month period." However, Plaintiff asserts, the rate "did not go down as the contract stated," but instead "the rates stayed the same." (Dkt #1, p. 4 of 6). Plaintiff does not allege a second date or incident under the heading for the first claim for relief. Under the second claim for relief, Plaintiff alleges that on August 18, 2016, to be the "predicate acts" required under RICO. However, "both the Supreme Court and Second Circuit have held that an allegation of two acts of 'racketeering activity,' without more, is not sufficient to establish a pattern." Spoto v. Herkimer Cty. Trust, No. 99–CV–1476, 2000 WL 533293, at *4 (N.D.N.Y. Apr. 27, 2000) (citing H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 238–44 (1989); United States v. Indelicato, 865 F.2d 1370, 1381 (2d Cir.) (en banc), cert. denied, 493 U.S. 811 (1989)). Despite this arguably fatal defect in the complaint, the Court, in light of Plaintiff's pro se status, will continue with the analysis of whether Plaintiff has fulfilled any of subsections (a) through (d) of Section 1962.

The Court will assume that Plaintiff intends the above-referenced incidents that allegedly occurred on September 29, 2015, and August 18, 2016, to be the "predicate acts" required under RICO. However, "both the Supreme Court and Second Circuit have held that an allegation of two acts of 'racketeering activity,' without more, is not sufficient to establish a pattern." Spoto v. Herkimer Cty. Trust, No. 99–CV–1476, 2000 WL 533293, at *4 (N.D.N.Y. Apr. 27, 2000) (citing H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 238–44 (1989); United States v. Indelicato, 865 F.2d 1370, 1381 (2d Cir.) (en banc), cert. denied, 493 U.S. 811 (1989)). Despite this arguably fatal defect in the complaint, the Court, in light of Plaintiff's pro se status, will continue with the analysis of whether Plaintiff has fulfilled any of subsections (a) through (d) of Section 1962.

Section 1962(a) requires allegations "(1) that the defendant used or invested racketeering income to acquire or maintain an interest in the alleged enterprise, and (2) injury [to the plaintiff] by reason of defendants' investment of racketeering income in an enterprise, as distinct from injury traceable simply to the predicate acts of racketeering alone or to the conduct of business of the enterprise." Moses v. Martin, 360 F. Supp.2d 533, 544 (S.D.N.Y. 2004) (internal quotation marks and citations omitted). Reading Plaintiff's allegations as broadly as possible, the Court infers that she is accusing Defendants of using the income derived from the policies sold to Plaintiff, either for Marshal's personal use or to benefit the company (Mazzola). Neither of these are sufficient. "Using funds for personal purposes ... is not using or investing racketeering income to acquire or maintain an interest in the alleged enterprise." Id. "Nor are allegations of reinvestment of racketeering proceeds in the enterprise sufficient to make out a claim for Section 1962(a) purposes." Fischbein v. Sayers, No. 04 CIV. 6589 LTS AJP, 2009 WL 2170349, at *4 (S.D.N.Y. July 16, 2009) (citations omitted). Because Plaintiff does not plead any facts that could plausibly be relevant to, much less fulfill, the requirements of Section 1962(a), Plaintiff has failed to state a cause of action under this subsection.

**\*3** To state a cause of action under Section 1962(b), a plaintiff "must allege an 'acquisition' injury, analogous to the 'use or investment injury' required under § 1962(a) to show injury by reason of a § 1962(b) violation." Discon, Inc. v. NYNEX Corp., 93 F.3d 1055, 1063 (2d Cir. 1996) (internal quotation marks and citations omitted), vacated on other grounds, 525 U.S. 128 (1998). Here, Plaintiff does "not allege any injury arising from the acquisition or maintenance of an enterprise, but instead merely alleges injuries indistinct from those arising from the commission of alleged predicate acts." Fischbein, 2009 WL 2170349, at *5. Plaintiff has pled "no facts that would suggest, even under the broadest reading," that Defendants "participated in any activity to 'acquire an interest or maintain control of' an enterprise." Malester v. Adamo, No. 09 CIV.9347(GBD), 2010 WL 5065865, at *3 (S.D.N.Y. Dec. 8, 2010). Without a distinct "acquisition injury," Plaintiff cannot state a cause of action under Section 1962(b). Fischbein, 2009 WL 2170349, at *5 (citing Discon, 93 F.3d at 1063).

"[T]o establish a violation of 18 U.S.C. § 1962(c), a plaintiff must establish that a defendant, through the commission of two or more acts constituting a pattern of racketeering activity, directly or indirectly participated in [the conduct

Byrd v. Mazzola Insurance Corp, Not Reported in Fed. Supp. (2017)

2017 WL 5508814

Case 6:23-cv-00156-DNH-TWD    Document 8    Filed 03/30/23    Page 16 of 25

of the business of] an enterprise, the activities of which affected interstate or foreign commerce." DeFalco, 244 F.3d at 306. "Liability under § 1962(c) requires a showing that each defendant employed by or associated with the enterprise 'conduct or participate, directly or indirectly, in the conduct of [the] enterprise's affairs[.]' " Goldfine v. Sichenzia, 118 F. Supp. 2d 392, 402 (S.D.N.Y. 2000) (quotation omitted). "[T]o conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs", § 1962(c), one must participate in the operation or management of the enterprise itself." Reves v. Ernst & Young, 507 U.S. 170, 185 (1993). Even assuming arguendo that Mazzola qualifies as an enterprise which is "separate and distinct from the alleged pattern of racketeering activity[,]" Black Radio Network, Inc. v. NYNEX Corp., 44 F. Supp.2d 565 at 580 (S.D.N.Y. 1999), Plaintiff has failed to make any allegations whatsoever that would satisfy Reve's "operation and management" test as to Marshal. See Goldfine, 118 F. Supp.2d at 403 ("[T]he mere fact that a defendant may have aided in the alleged scheme to defraud, even if that aid was intentional, does not give rise to liability under § 1962(c).") (citing Biofeedtrac, Inc. v. Kolinor Optical Enterprises & Consultants, S.R.L., 832 F. Supp. 585, 592 (E.D.N.Y. 1993)); see also Black Radio Network, Inc., 44 F. Supp.2d at 580 ("[T]he 'person' and the 'enterprise' must be distinct, that is, a corporate entity may be both the enterprise and the person who conducts the affairs of the enterprise through racketeering. This distinctiveness requirement cannot be met merely by alleging that a RICO enterprise consists of a corporate defendant in association with its own employees who carry out the corporate defendant's regular affairs.") (internal and other citations omitted).

Finally, Section 1962(d) makes it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c)." 18 U.S.C. § 1962(d). Because Plaintiff has failed to state a cause of action under Sections 1962(a), (b) or (c), any claim for a RICO conspiracy under Section 1962(d) cannot stand as a matter of law. Malester, 2010 WL 5065865, at *4 (citing Discon, Inc., 93 F.3d at 1064 ("Since we have held that the prior claims do not state a cause of action for substantive violations of RICO, the present claim does not set forth a conspiracy to commit such violations.") (citing Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1191 (3d Cir. 1993) ("Any claim under § 1962(d) based on conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient.")); other citation omitted).

**2. The FCA**

**\*4** The FCA "is intended to recover damages from those who defraud the federal government," and it "imposes liability on those who knowingly present, or cause to be presented, false or fraudulent claims for payment, or knowingly make, use, or cause to be used, false records or statements to get false claims paid or approved." United States v. Empire Educ. Corp., 959 F. Supp.2d 248, 253 (N.D.N.Y. 2013) (citing 31 U.S.C. § 3729(a)(1)(A), (B)). Private persons, known as "relators," may file qui tam actions (i.e., actions on behalf of the government) based on alleged violations of Section 3729. See 31 U.S.C. § 3730(c)(3).

As an initial matter, it is clear that Plaintiff is not seeking to vindicate any rights belonging to any federal government agency. Rather, she is seeking redress for injury caused by Defendants against *herself*. In any event, "[t]he law in this Circuit is clear that pro se litigants may not pursue qui tam actions under the False Claims Act." Palmer v. Fannie Mae, No. 14CV4083JFBAYS, 2016 WL 5338542, at *4 (E.D.N.Y. Sept. 23, 2016) (citing United States ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 93 (2d Cir. 2008)). Even if Plaintiff were seeking to vindicate a right belonging to a federal government agency, which she plainly is not, she could not maintain an FCA claim because is unrepresented. See id.

**III. Leave to Replead is Inappropriate**

Generally speaking, the law in this Circuit is that a district court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 704–05 (2d Cir. 1991); see also FED. R. CIV. P. 15(a) ("The court should freely give leave when justice so requires."). Permitting amendment is not required, however, where "the problem with [the litigant's] causes of action is substantive" such that "better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). In this instance, the deficiencies in Plaintiff's claims against Defendants are substantive in nature, and extend well beyond the insufficiency of her allegations, even when they "are construed with the utmost of special liberality[.]" Mercer v. Schneiderman, No. 1:11–CV–0490

GTS/DRH, 2011 WL 3652322, at *3 (N.D.N.Y. Aug. 18, 2011) (dismissing pro se complaint with prejudice pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted, where, even "construed with the utmost of special liberality, the defects in [the plaintiff's] claims are substantive rather than merely formal, such that any amendment would be futile") (citations omitted).

For purposes of Section 1915(e)(2), "[a] claim is based on an 'indisputably meritless legal theory' when either the claim lacks an arguable basis in law, Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam), or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (citing Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995)). As discussed above, the FCA claim lacks an arguable basis in fact or law. Such is the case with the RICO claims, as well. Plaintiff is "simply 'attempt[ing] to dress a common law breach of contract... claim as a RICO claim[,]' " Goldfine, 118 F. Supp.2d at 405 (quoting Spoto, 2000 WL 533293, at *5), which is improper.

## IV. Subject Matter Jurisdiction

**\*5** Lack of subject matter jurisdiction may be raised at any time, either sua sponte by the court, or by a party. Durant, Nichols, Houston, Hodgson & Cortese–Costa P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009). Indeed, it is a court's "obligation to raise the matter of subject matter jurisdiction '*whenever* it appears from the pleadings or otherwise that jurisdiction is lacking.' " Id. (quoting John Birch Society v. National Broadcasting Co., 377 F.2d 194, 199 (2d Cir. 1967); emphasis in original). When a court finds that it lacks subject matter jurisdiction, it must dismiss the complaint in its entirety. Id. (citing FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")).

While federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States[ ],]" 28 U.S.C. § 1331, a lawsuit premised on state law "is not transformed into a suit 'arising under' federal law merely because, to resolve it, the court may need to interpret federal law." Sullivan v. Am. Airlines, Inc., 424 F.3d 267, 271 (2d Cir. 2005). Thus, under the "well-pleaded complaint" rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 12 (2003) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).

Here, under the form complaint's heading, "Statement of Jurisdiction, Venue, and Nature of Suit," Plaintiff states that the case "presents a Federal question." (Dkt #1, p. 1 of 6). As discussed above, Plaintiff's purported causes of action under federal law have been found to lack an arguable basis in law or fact, and accordingly have been dismissed with prejudice. Despite a liberal reading of the complaint, Plaintiff's claims regarding Defendants' alleged fraudulent representations and breach of two insurance policies [1] are based solely on state common law or statutory law. [2] The Court may not exercise federal question jurisdiction over the complaint as currently pled. E.g., Adames v. Taju, 80 F. Supp.3d 465, 468 (E.D.N.Y. 2015).

[1]    There is no indication that the insurance policy at issue is subject to a federal statute, such as the Employee Retirement Income Security Act of 1974, §§ 3(1), 502(a), 29 U.S.C. §§ 1002(1), 1132(a), which would provide a basis for federal question jurisdiction.

[2]    See, e.g., N.Y. INS. LAW § 4226 (prohibiting misrepresentations and misleading statements as to the terms and benefits of insurance contracts) (McKinney's 2017); N.Y. GEN. BUS. LAW §§ 349, 350 (prohibiting unfair and deceptive business practices).

**\*6** Finally, the Court notes that the only other potential basis for subject matter jurisdiction—diversity jurisdiction—is lacking here. Diversity jurisdiction gives federal district courts jurisdiction over suits where the plaintiff and the defendant are of diverse citizenship. See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 48 (2d Cir. 2012) (stating that diversity jurisdiction exists "between, inter alia, 'citizens of a State and citizens or subjects of a foreign state' ") (quoting 28 U.S.C. § 1332(a)). Here, however, Plaintiff's complaint indicates that she and Defendants are all New York domiciliaries, and therefore they are not of diverse citizenship. The Court accordingly has no basis on which to retain jurisdiction over Plaintiff's complaint. See, e.g., Adames v. Taju, 80 F. Supp.3d 465, 468 (E.D.N.Y. 2015) (court lacked diversity jurisdiction over state-law breach of contract claim by pro se litigant, where both parties resided in the same state).

## V. Conclusion

For the foregoing reasons, Plaintiff's motion for in pauperis status is granted, and Plaintiff's complaint is dismissed with prejudice, without leave to re-plead. The Clerk of Court is directed to close this case.

**SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2017 WL 5508814

---

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

2022 WL 2275683
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Robert W. JOHNSON, Plaintiff,

v.

A. JEFFERSON; Onondaga Cnty. DSS – Economic
Security Temp; J. Ryan McMahon II; Sarah G.
Merrick; Jefferson Cnty. DSS; M. Burns; K Thorn;
Deborah Labadini; and Ms. Everleigh, Defendants.

5:22-CV-0424 (GLS/ML)
|
Signed 05/31/2022

**Attorneys and Law Firms**

ROBERT W. JOHNSON, Plaintiff, Pro Se, 112 Court Street,
Apartment 2, Watertown, New York 13601.

## ORDER and REPORT-RECOMMENDATION

MIROSLAV LOVRIC, United States Magistrate Judge

**\*1** Presently before the Court is a Complaint filed by *pro
se* plaintiff Robert W. Johnson ("Plaintiff") together with an
application to proceed *in forma pauperis*. (Dkt. Nos. 1, 2.) [1]
For the reasons set forth below, Plaintiff's IFP application
is granted and I recommend that Plaintiff's Complaint be
dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure
to state a claim upon which relief may be granted.

[1]    The Court is aware of fifty-five other cases filed by
       Plaintiff in April and May of 2022: (1) *Johnson v.
       Watervliet Hous. Auth.*, No. 5:22-CV-0389 (GLS/
       ML); (2) *Johnson v. Rodeway Inn Syracuse*, No.
       5:22-CV-0396 (GLS/ML); (3) *Johnson v. Days Inn
       by Wyndham Syracuse*, No. 5:22-CV-0403 (GLS/
       ML); (4) *Johnson v. Am. Best Value Inn*, No.
       5:22-CV-0404 (GLS/ML); (5) *Johnson v. Extended
       Stay Am. Inc.*, No. 5:22-CV-0405 (GLS/ML);
       (6) *Johnson v. Red Roof Inn # 157*, No. 5:22-
       CV-0406 (GLS/ML); (7) *Johnson v. Doubletree
       by Hilton Syracuse*, No. 5:22-CV-0407 (GLS/
       ML); (8) *Johnson v. Executive East Syracuse
       Hotel, LLC*, No. 5:22-CV-0408 (GLS/ML); (9)
       *Johnson v. Best Western PLUS*, No. 5:22-CV-0409

(GLS/ML); (10) *Johnson v. Motel 6*, No. 5:22-
CV-0410 (GLS/ML); (11) *Johnson v. Candlewood
Suites East Syracuse*, No. 5:22-CV-0411 (GLS/
ML); (12) *Johnson v. Springhill Suites Syracuse
Carrier Circle*, No. 5:22-CV-0412 (GLS/ML);
(13) *Johnson v. Ramada by Wyndham East
Syracuse Carrier Circle*, No. 5:22-CV-0413 (GLS/
ML); (14) *Johnson v. Embassy Suites by Hilton*,
No. 5:22-CV-0414 (GLS/ML); (15) *Johnson v.
Cresthill Suites*, No. 5:22-CV-0415 (GLS/ML);
(16) *Johnson v. Residence Inn*, No. 5:22-CV-0416
(GLS/ML); (17) *Johnson v. Home Town Inn By Red
Roof*, No. 5:22-CV-0417 (GLS/ML); (18) *Johnson
v. Fairfield by Marriott Syracuse Carrier Circle*,
No. 5:22-CV-0418 (GLS/ML); (19) *Johnson v.
Hampton Inn & Suites Syracuse/Carrier Circle*,
No. 5:22-CV-0419 (GLS/ML); (20) *Johnson v.
Marriott Syracuse Downtown*, No. 5:22-CV-0420
(GLS/ML); (21) *Johnson v. Comfort Inn Syracuse-
Carrier Circle*, No. 5:22-CV-0421 (GLS/ML); (22)
*Johnson v. Alex*, No. 5:22-CV-0425 (TJM/ATB);
(23) *Johnson v. Aaron*, No. 5:22-CV-0426 (BKS/
ATB); (24) *Johnson v. Russo*, No. 5:22-CV-0439
(GTS/TWD); (25) *Johnson v. Rushow Enter.*,
No. 5:22-CV-0440 (GTS/TWD); (26) *Johnson
v. Monro Muffler Brake & Serv.*, No. 5:22-
CV-0441 (GTS/TWD); (27) *Johnson v. Rosetti*,
No. 5:22-CV-0442 (GTS/TWD); (28) *Johnson v.
United States Postal Serv.*, No. 5:22-CV-0443
(GTS/TWD); (29) *Johnson v. Gibson, McAskill
& Crosby, LLP*, No. 5:22-CV-0444 (GTS/TWD);
(30) *Johnson v. Trustage*, No. 5:22-CV-0445
(GTS/TWD); (31) *Johnson v. Bond, Schoeneck
& King LLC*, No. 5:22-CV-0446 (GTS/TWD);
(32) *Johnson v. EmPro*, No. 5:22-CV-0447 (GTS/
TWD); (33) *Johnson v. Bitrategaming*, No. 5:22-
CV-0448 (GTS/TWD); (34) *Johnson v. New York
State Div. of Human Rights*, No. 5:22-CV-0449
(GTS/TWD); (35) *Johnson v. Synchrony Bank*,
No. 5:22-CV-0450 (GTS/TWD); (36) *Johnson v.
Vera House*, No. 5:22-CV-0451 (GTS/TWD); (37)
*Johnson v. Black River Apartments*, No. 5:22-
CV-0452 (GTS/TWD); (38) *Johnson v. Human
Resources Admin. of Dep't of Homeless Servs.*,
No. 5:22-CV-0453 (GTS/TWD); (39) *Johnson v.
Jefferson Cnty. DSS*, 5:22-CV-0454 (GTS/TWD);
(40) *Johnson v. Gibbs*, No. 5:22-CV-0455 (GTS/
TWD); (41) *Johnson v. Schenectady Cnty. EFCU*,
No. 5:22-CV-0456 (GTS/TWD); (42) *Johnson v.*

*ESIS, Inc.*, No. 5:22-CV-0457 (GTS/TWD); (43) *Johnson v. McMahon*, No. 5:22-CV-0463 (MAD/TWD); (44) *Johnson v. Rusin*, No. 5:22-CV-0464 (MAD/TWD); (45) *Johnson v. Powell*, No. 5:22-CV-0465 (MAD/TWD); (46) *Johnson v. New York State Div. of Human Rights*, No. 5:22-CV-0466 (MAD/TWD); (47) *Johnson v. Vera House, Inc.*, No. 5:22-CV-0467 (MAD/TWD); (48) *Johnson v. Ault*, No. 5:22-CV-0474 (LEK/ATB); (49) *Johnson v. Richland Cnty. Jail*, No. 9:22-CV-0475 (TJM/ML); (50) *Johnson v. Courtyard Syracuse Downtown at Armory Square*, No. 5:22-CV-0511 (DNH/ATB); (51) *Johnson v. Quality Inn & Suites Downtown*, No. 5:22-CV-0512 (DNH/ATB); (52) *Johnson v. Springhill Suites Cleveland Independence*, No. 5:22-CV-0513 (DNH/ATB); (53) *Johnson v. Courtyard Erie Bayfront*, No. 5:22-CV-0514 (DNH/ATB); (54) *Johnson v. Springhill Suite Syracuse Carrier Circle*, No. 5:22-CV-0527 (DNH/ATB); and (55) *Johnson v. Embassy Suites by Hilton*, No. 5:22-CV-0531 (DNH/ATB).

## I. BACKGROUND

**\*2** On May 3, 2022, Plaintiff commenced this action by filing a form complaint for civil rights violations pursuant to 42 U.S.C. § 1983, against Defendants A. Jefferson, Onondaga County DSS – Economic Security Temp, J. Ryan McMahon II, Sarah G. Merrick, Jefferson County DSS, M. Burns, K. Thorn, Deborah Labadini, and Ms. Everleigh (collectively "Defendants"). (Dkt. No. 1.)

The Complaint alleges that Defendants denied Plaintiff SNAP benefits, Medicaid, cash assistance, and emergency shelter services based on falsified records and accusations that Plaintiff was not fulfilling requirements. (Dkt. No. 1.)

Based on these factual allegations, the Complaint appears to assert the following three causes of action: (1) a claim that Defendants falsified records; (2) a claim that Defendants imposed a cruel and unusual punishment against Plaintiff; and (3) a claim of discrimination pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983. (*Id.* at 24-25.)

As relief, Plaintiff seeks $100,000,000.00 in punitive damages, "DSS services," "sanctions," and all other relief that is deemed just and proper. (*Id.* at 58.)

## II. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

"When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). [2] After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted. [3]

[2]     The language of that section is ambiguous because it suggests an intent to limit availability of *in forma pauperis* status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making *in forma pauperis* status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]     Plaintiff is reminded that, although his application to proceed *in forma pauperis* has been granted, he is still required to pay fees that he may incur in this action, including copying and/or witness fees.

## III. LEGAL STANDARD FOR REVIEW OF THE COMPLAINT

Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party or parties have been served and have had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. 28 U.S.C. § 1915(e); *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam); *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983); *see, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity ... occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in

law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory ... or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

**\*3** When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. More specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]). "Determining whether a complaint states a plausible claim for relief ... requires the ... court to draw on its judicial experience and common sense.... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown– that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint ... the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**IV. ANALYSIS**

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

**A. Falsifying Records**

Plaintiff's allegation that "[a]ll [D]efendants are falsifying records to prohibit [Plaintiff] from receiving housing and emergency shelter services," falls within the well-established definition of a frivolous claim. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Moreover, "only conclusory, vague, or general allegations" fail to state a claim upon which relief may be granted. *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993). This allegation instead offers "a litany of general conclusions that shock but have no meaning." *Hunt v. Budd* 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (citing *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *see Thomas v. Five Star Elec.*, 2019 WL 13125152, at *21 (S.D.N.Y. Aug. 23, 2019) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)) (dismissing the plaintiff's claims that the defendants were "falsifying legal documents" because those were "conclusory allegations, devoid of any factual basis, [and] fail[ed] to 'raise a right to relief above the speculative level ... *i.e.*, enough to make the claim plausible.' "). [4]

[4]    To the extent that Plaintiff's falsifying records claim could be construed as a claim pursuant to the False Claims Act, I recommend that it be dismissed because "the Act allows for a private cause of action by means of a *qui tam* suit to recover 'for a harm done to the Government.' " *Zorn v. Vermont*, 11-CV-0221, 2011 WL 4748255, at *3 (D. Vt. Oct. 6, 2011) (quoting *Woods v. Empire Health Choice, Inc.*, 574 F.3d 92, 97 (2d Cir. 2009)). "Because [Plaintiff] is claiming personal harm, his claim cannot proceed." *Zorn*, 2011 WL 4748255, at *3.

Further, to the extent that Plaintiff is alleging that Defendants violated the New York Penal Law by falsifying records, "[t]here is no private right of action to enforce either state or federal criminal statutes." *McFadden v. Ortiz*, 12-CV-1244, 2012 WL 7991767, at *3 (N.D.N.Y. Aug. 7, 2012) (Baxter, M.J.) (citing *Carvel v. Ross*, 09-CV-0722, 2011 WL 856283, at *11-12 (S.D.N.Y. Feb. 6, 2011)).

**\*4** As a result, I recommend that Plaintiff's falsifying records claim be dismissed.

**B. Cruel and Unusual Punishment**

To the extent Plaintiff alleged that Defendants' denial of his applications for benefits constituted a cruel and unusual punishment pursuant to the Eighth Amendment, I recommend

that claim be dismissed for failure to state a claim upon which relief may be granted.

"The Eighth Amendment applies in cases where an individual is both convicted and incarcerated." *Kellier v. MMS*, 20-CV-10939, 2021 WL 1947775, at *3 (S.D.N.Y. May 13, 2021) (citing *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (discussing application of Eighth Amendment in cases where a plaintiff is a convicted prisoner); *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996) (noting that the Eighth Amendment governs claims of convicted persons because of its prohibition of "cruel and unusual punishment")).

Here, because "Plaintiff is neither convicted nor incarcerated, the Eighth Amendment does not apply to this case." *Kellier*, 2021 WL 1947775, at *3; *see Hook v. Mutha*, 168 F. Supp. 2d 77, 79 (S.D.N.Y. 2001) (finding that "the Eighth Amendment does not apply" where "[t]here was no criminal proceeding" and "[t]he treatment accorded to plaintiff was not 'cruel and unusual punishment' " where the plaintiff alleged his food stamps were discontinued for a period of time); *see also In re Taneja*, 17-CV-9429, 2019 WL 1949839, at *1 (S.D.N.Y. April 19, 2019) (quoting *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 262 (1989)) (finding that the court's dismissal of the plaintiff's bankruptcy appeal did not constitute "cruel and unusual punishment" because "the Eighth 'Amendment is addressed to bail, fines, and punishments our cases have long understood it to apply primarily, and perhaps exclusively, to criminal prosecutions and punishments.' "); *Hadley v. City of New York*, 15-CV-8231, 2017 WL 6729290, at *3 (S.D.N.Y. Oct. 4, 2017) (dismissing the plaintiff's claim of cruel and unusual punishment pursuant to the Eighth Amendment where the plaintiff alleged that she slipped and fell and she "ha[d] not interacted in any capacity with the criminal justice system."); *Fore v. Connecticut Light & Power*, 13-CV-0822, 2015 WL 5722719, at *4 (D. Conn. Sept. 1, 2015) (dismissing the plaintiff's Eighth Amendment cruel and unusual punishment claim where the electric company cut off power to the plaintiff's apartment because of a large and overdue bill, reasoning that "because plaintiff has not alleged that she was convicted of a crime, she does not have any claim arising from the Eighth Amendment."); *Robbins v. Police Pension Fund*, 321 F. Supp. 93, 99 (S.D.N.Y. 1970) (citing *Powell v. Texas*, 392 U.S. 514, 531-32 (1968)) ("While plaintiff incurred a detriment as the result of his loss of pension, even a severe detriment is not necessarily a cruel and unusual punishment.... The Eighth Amendment has traditionally been

applied to punishments imposed for the violations of criminal statutes.").

As a result, I recommend that Plaintiff's cruel and unusual punishment claim be dismissed for failure to state a claim.

### C. Discrimination

**\*5** To the extent that Plaintiff alleges a claim of discrimination under the Equal Protection Clause of the Fourteenth Amendment, he fails to allege that he is a member of any protected class that the discrimination is based on. (*See generally* Dkt. No. 1.)

The Equal Protection Clause provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Essential to that protection is the guarantee that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). The Second Circuit has held that the Equal Protection Clause "bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (emphasis and internal quotation marks omitted). Accordingly, "[t]o prove an equal protection violation, claimants must prove purposeful discrimination directed at an identifiable or suspect class." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995) (citation omitted); *Brown v. City of Oneonta, New York*, 221 F.3d 329, 337 (2d Cir. 2000) (holding that, in order to state a race-based equal protection violation, "a plaintiff must allege that a government actor intentionally discriminated against him on the basis of his race").

"[G]eneralized allegations do not make out an equal protection claim." *Sound Aircraft Servs., Inc. v. Town of E. Hampton*, 192 F.3d 329, 335 (2d Cir. 1999). "Well-pled facts showing that the plaintiff has been treated differently from others similarly situated" is "an essential component of such a claim[,] [and] [c]onclusory allegations of selective treatment are insufficient." *Abdur-Raheem v. Wenderlich*, 07-CV-6247, 2012 WL 5185605, at *1 (W.D.N.Y. Sept. 19, 2012) (internal quotation marks omitted), *report and recommendation adopted*, 2012 WL 5185191 (W.D.N.Y. Oct. 18, 2012); *see Miller v. Vermont Assocs. for Training and Dev.*, 20-CV-0178, 2021 WL 535816, at *2 (D. Vt. Feb. 12, 2021) ("To prove a violation of the Equal Protection

Clause, ... a plaintiff must demonstrate that [s]he was treated differently than others similarly situated as a result of intentional or purposeful discrimination.") (alteration and omission in original) (quoting *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005)). The plaintiff also must show that this disparity in treatment "cannot survive the appropriate level of scrutiny" applicable to the alleged discrimination. *Phillips*, 408 F.2d at 129. To that end, a plaintiff pleading intentional discrimination based on race must allege one of three factual scenarios:

> [a] plaintiff could point to a law or policy that expressly classifies persons on the basis of race. Or, a plaintiff could identify a facially neutral law or policy that has been applied in an intentionally discriminatory manner. A plaintiff could also allege that a facially neutral statute or policy has an adverse effect and that it was motivated by discriminatory animus.

**\*6** *Brown*, 221 F.3d at 337 (citations and internal quotation marks omitted); *see also Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 470 (2d Cir. 2006) ("In order to establish ... a constitutional violation [under the Equal Protection Clause], [the plaintiff] would have to show that the [defendant] intentionally discriminated against her, either by adopting ... racial animus policies which are facially neutral but have a racially discriminatory effect, or by applying a facially neutral policy in a racially discriminatory manner.").

The Complaint fails to allege facts plausibly suggesting any of these scenarios and does not allege facts to support a claim that Plaintiff was treated differently than others similarly situated as a result of intentional or purposeful discrimination. (*See generally* Dkt. No. 1.) In addition, Plaintiff offers no specific factual allegations to support any claim that Defendants' alleged actions were the result of discrimination based on Plaintiff's membership to a protected class. (*Id.*); *see Hollins v. South Burlington Police Dep't*, 18-CV-0151, 2020 WL 1033335, at \*7 (D. Vt. Mar. 3, 2020) (holding that "[i]n the absence of further factual allegations, Plaintiff's bare allegation does not plausibly give rise to a claim of racially motivated discrimination" where the plaintiff alleged that the individual defendants "targeted" him because of "the color of his skin"); *Traylor v. Hammond*, 94 F. Supp. 3d 203,

215 (D. Conn. 2015) ("merely alleg[ing]" that the plaintiff is African-American, the defendant engaged in certain actions, and the defendant would not have engaged in those actions if the defendant were another race, "is not sufficient" to defeat a motion to dismiss); *Garzon v. Jofaz Transp., Inc.*, 11-CV-5599, 2013 WL 783088, at \*3 (E.D.N.Y. Mar. 1, 2013) (where "the majority of [a] plaintiff's allegations do little more than cite to her mistreatment and ask the court to conclude that it must have been related to her race or gender, the allegations in the complaint do not plausibly give rise to a claim for discriminatory treatment."); *Drayton v. Toys 'R' Us Inc.*, 645 F. Supp. 2d 149, 161 (S.D.N.Y. 2009) (holding that plaintiff's "conclusory allegations" were insufficient to raise an inference of intentional discrimination, and explaining that the plaintiff could "not base his claim of racial discrimination on general racism in society" (internal quotation marks omitted)).

As a result, I recommend that Plaintiff's discrimination claim be dismissed for failure to state a claim upon which relief may be granted.

## V. OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at \*1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.). [5]

---

[5]      *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794,

2022 WL 2275683

796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

**\*7** In this case, it is not clear whether better pleading would permit Plaintiff to assert a cognizable cause of action against Defendants. Out of deference to Plaintiff's *pro se* status, however, I recommend that Plaintiff be granted leave to amend the Complaint.

If Plaintiff chooses to avail himself of an opportunity to amend, such amended pleading must set forth a short and plain statement of the facts on which he relies to support any legal claims asserted. Fed. R. Civ. P. 8(a). In addition, the amended complaint must include allegations reflecting how the individuals named as Defendants are involved in the allegedly unlawful activity. Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1)

for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules. [6]

[6]    The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. [7] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

[7]    If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

**All Citations**

Slip Copy, 2022 WL 2275683

---

**End of Document**                      © 2023 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Blue Flag – Appeal Notification

Appeal Filed by JOHNSON v. JEFFERSON, 2nd Cir., July 12, 2022

2022 WL 2274789
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Robert W. JOHNSON, Plaintiff,

v.

A. JEFFERSON et al., Defendants.

5:22-cv-424 (GLS/ML)
|
Signed 06/23/2022

**Attorneys and Law Firms**

FOR THE PLAINTIFF: Robert W. Johnson, Pro Se, 112 Court Street, Apt. 2, Watertown, NY 13601.

## ORDER

Gary L. Sharpe, Senior District Judge

**\*1** The above-captioned matter comes to this court following an Order and Report-Recommendation (R&R) by Magistrate Judge Miroslav Lovric, duly filed May 31, 2022. (Dkt. No. 8.) Following fourteen days from the service thereof, the Clerk has sent the file, including any and all objections filed by the parties herein.

No objections [1] having been filed, and the court having reviewed the R&R for clear error, it is hereby

[1]  On June 13, 2022, plaintiff's copy of the R&R was returned to sender, "Attempted - Not Known." (Dkt. No. 9. Plaintiff previously executed a pro se notice that warned he must immediately notify the Court of any change of address and that his failure to do so could "result in the involuntary dismissal of [his] case for failure to prosecute." (Dkt. No. 6); N.D.N.Y. L.R. 10.1(c)(2).

**ORDERED** that the Order and Report-Recommendation (Dkt. No. 8) is **ADOPTED** in its entirety; and it is further

**ORDERED** that plaintiff is directed to file a notice of change of address or verify his address on the docket within thirty (30) days of this order; and it is further

**ORDERED** that plaintiff's complaint (Dkt. No. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) **with leave to replead**; and it is further

**ORDERED** that any amended complaint shall be filed within thirty (30) days of this order; and it is further

**ORDERED** that, if plaintiff files an amended complaint, it must set forth a short and plain statement of the facts on which he relies to support any legal claims asserted. Fed. R. Civ. P. 8(a). In addition, the amended complaint must include allegations reflecting how the individuals named as Defendants are involved in the allegedly unlawful activity. Finally, Plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court; and it is further

**ORDERED** that, if plaintiff files an amended complaint, such proposed amended complaint will be referred to the Magistrate Judge for initial review; and it is further

**ORDERED** that, if plaintiff fails to file an amended complaint within the time permitted, the clerk is directed to close this case without further order of the court; and it is further

**ORDERED** that the Clerk provide a copy of this Order to plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2022 WL 2274789

---